IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARITZA D. CRUZ RODRIGUEZ<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF PUERTO RICO; XYZ Corporation; JOHN DOE;<br>Insurance Company ABC.<br><br>Defendant | Civil No.<br><br>DISABILITY DISCRIMINATION; RETALIATION DISCRIMINATION; FAILURE TO ACCOMMODATE; DAMAGES; SEEKING INJUNCTIVE RELIEF AND DAMAGES; UNJUST DISMISSAL<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

# COMPLAINT

**TO THE HONORABLE COURT:**

Comes now plaintiff through her undersigned attorney and respectfully states, alleges and prays:

## NATURE OF THE ACTION

This is an action for declaratory and injunctive relief, compensatory and punitive damages for pursuant to the provisions of the American with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. Secs. 12101 et seq.; the Rehabilitation Act, 29 U.S.C. § 701 et seq; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.; Puerto Rico Law No. 44 of July 2, 1985 ("Law 44"), as amended, 11 L.P.R.A. Secs. 501 et seq.; Puerto Rico's Retaliation Discrimination Law, Act 115-1991; Article 1802 of the Puerto Rico Civil Code; Unjust Dismissal under Law No. 80 of May 30, 1976, 29 L.P.R.A. ' 185a et seq. Plaintiff also invokes this Honorable Court's supplemental

1

jurisdiction to hear his state law claims pursuant to 28 U.S.C. ' 1367, because these arose from the same nucleus of operative facts as the claims under ADAAA.

## JURISDICTION AND VENUE

The jurisdiction of this Court is founded upon 28 U.S.C. 1331 and pursuant to 28 U.S.C. §1367, plaintiff invokes the pendent jurisdiction of this Court with respect to any and all causes of action arising under the Laws and Constitution of Puerto Rico insofar as they stem from the same nucleus of operative facts as their federal counterparts and because the amount in controversy exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). Plaintiff hereby demands trial by jury.

## THE PARTIES

### A.   PLAINTIFF

1.   Plaintiff Marita D. Cruz Rodríguez (hereinafter "Cruz" and/or "Plaintiff") is a citizen of the United States and resident of Cond. Vistas De La Vega #141, Vega Alta, P.R. 00692.

2.   Cruz was an employee of the University of Puerto Rico, Medical Sciences Campus, since March 1, 1999.

3.   The last position occupied by Rodríguez was of "Data Manager I-II", by especial designation, in the Dean's Office of Medicine.

4.   Cruz is a qualified individual with a disability, as that term is defined under American with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. Secs. 12101 et seq., the Rehabilitation Act, 29 U.S.C. § 701 et seq; and Puerto Rico Law No. 44 of July 2, 1985 ("Law 44"), as amended, 11 L.P.R.A. Secs. 501 et seq., due to mental

impairment that substantially limits one or more major of her life activities. Plaintiff has suffered and still suffers anxiety attacks, difficulty handling stressful situations, difficulties with attention/concentration, among other mental conditions.

### B.   **DEFENDANTS**

5.   The University of Puerto Rico ("UPR" and/o "University") was organized "as an organic system of higher education" pursuant to the provisions of Act No. 1 of January 20, 1966, 18 P. R. Laws Ann. tit 18, § 603(a).

6.   The University has the power "to sue and be sued," P.R. LAWS ANN. tit. 18, § 852f(13) (1993)

7.   The Medical Science Campus ("Recinto de Ciencias Médicas") of the University is an institutional unit of the University with no legal authority to sue or be sued.

8.   For all intents and purposes the UPR is Cruz's employer under the ADAA and Law No. 80, Law No. 115 and Law 44. The UPR has had, and has, more than 500 employees.

9.   Defendants XYZ CORPORATION, JOHN DOE, and INSURANCE COMPANY ABC are natural or judicial persons whose identity is unknown at this moment, and who may have participated in the actions against the Plaintiffs. They also include any insurance company who may have issued an insurance policy that covers the actions claimed in this action.

### **FACTS**

10.   Cruz hereby restates and incorporates by reference the above paragraphs of the instant Complaint.

11. During February 2016, Cruz requested a reasonable accommodation from her employer because of her mental disability.

12. At that time, she was working as "Data Manager I-II", by especial designation, in the Dean's Office of Medicine.

13. Cruz provided the necessary medical evidence to support the reasonable accommodation and explained the reasons why the accommodation was needed.

14. Among other things, Cruz requested a flexible work schedule.

15. However, the UPR denied Cruz's reasonable accommodation request.

16. On August 9, 2016, Cruz filed a Charge of Discrimination against the UPR, before the U.S. Equal Employment Opportunity Commission ("EEOC"), which was assigned the number 515-2016-00466.

17. In retaliation for requesting reasonable accommodation, Cruz contract and employment status with the UPR became unknow as of the date of the charge filing on August 9, 2016.

18. After the filing of the Complaint the UPR terminated Cruz's employment.

19. Due to Cruz's EEOC filing, and in retaliation, the UPR didn't renew plaintiff's employment contract.

20. A non-disabled employee replaced Cruz at UPR.

21. On June 16, 2017, the EEOC issued a "Determination", in which it concluded that the investigation disclosed that the UPR "failed to engage in a good faith, facts-based interactive process" regarding Cruz's request for reasonable accommodation. Furthermore, it concluded that "the investigation also revealed that in

4

retaliation for requesting a reasonable accommodation" the UPR terminated Cruz's employment.

22.    Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., requires that if the EEOC determines that that there is reason to believe that a violation has occurred, it shall endeavor to eliminate the alleged unlawful practice by informal methods of conciliation.

23.    Notwithstanding, the EEOC notified that the process of conciliation was unsuccessful.

24.    On May 17, 2018, the EEOC issued Cruz a right-to-sue notice.

25.    The right-to-sue notice was received by Cruz on or about May 18, 2018.

## FIRST CAUSE OF ACTION
## ADAAA FAILURE TO ACCOMMODATE

26.    Cruz hereby restates and incorporates by reference the above paragraphs of the instant Complaint.

27.    The UPR failed to consider Cruz's accommodation needs.

28.    Furthermore, the UPR never intended to comply with any accommodation toward Cruz.

29.    UPR's inaction on Plaintiff's reasonable accommodation is a violation of the ADAAA and a gross failure to comply with its obligations under the Act.

30.    Cruz has suffered emotional damages, mental anguish and moral damages because of Defendant's failure to accommodate her.

31.    Cruz's emotional and economic damages are calculated in an amount not less than $ 1,000,000.00 which must be double as required by the statute.

32. Defendants' actions are a violation to Puerto Rico Law 44 and the ADAAA.

## SECOND CAUSE OF ACTION
## LAW 44 FAILURE TO ACCOMMODATE AND DISCRIMINATION CLAIM

33. Cruz hereby restates and incorporates by reference the above paragraphs of the instant Complaint.

34. It is Plaintiff's contention that Defendant failure to accommodate her and UPR's discriminatory treatment are also in violation under Puerto Rico Act 44 and the ADAAA.

35. Cruz has suffered emotional damages, mental anguish and moral damages because of Defendant failure to accommodate Plaintiff.

36. Cruz's emotional and economic damages are calculated in an amount not less than $ 1,000,000.00 which must be double as required by the statute.

37. Defendants' actions are a violation to Puerto Rico Law 44 and the ADAAA.

## THIRD CAUSE OF ACTION

### Hostile Work Environment because of Disability

38. Plaintiff hereby restates and incorporates by reference the above paragraphs of the instant Complaint.

39. Cruz is and was, at the time of her dismissal an individual with a disability within the meaning of Section 3 (2) of the American with Disabilities Act, 42 U.S.C. 12102 (2), since she has a record of his disabilities, including medical records, and is/was regarded as having such disabilities.

40. Cruz is a qualified individual with a disability as that term is defined in Section 101(8) of the ADA. More specifically, Cruz is an individual with a disability who could

6

perform the essential functions of his job.

41. Because of UPR's discriminatory practices, Cruz lost the salaries she was entitled to.

42. UPR is liable to Cruz for the back pay he would have been entitled had she been maintained in his position.

43. UPR is liable to Colón under this cause of action for an amount in excess of $1,000,000.00.

## FOURTH CAUSE OF ACTION

### (Employment Termination because of Disability)

44. Plaintiff hereby restates and incorporates by reference the above paragraphs of the instant Complaint.

45. Cruz is and was, at the time of his dismissal an individual with a disability within the meaning of Section 3 (2) of the American with Disabilities Act, 42 U.S.C. 12102 (2), since she has a record of her disabilities, including medical records, and is/was regarded as having such disabilities.

46. Cruz is a qualified individual with a disability as that term is defined in Section 101(8) of the ADA. More specifically, Cruz is an individual with a disability who could perform the essential functions of her job.

47. A non-disabled employee replaced Cruz at UPR.

48. UPR is liable to Cruz under this cause of action for all the salaries and fringe benefits that Cruz will not earn until the date of trial (back pay) and for all the salaries that she will not receive in a reasonable future (front pay), if reinstatement is not practical.

49. UPR is liable to Cruz under this cause of action in an amount in excess of $1,000,000.00.

50. In addition, Cruz is entitled to reinstatement and to an order forbidding any further discriminatory practices against her.

## FIFTH CAUSE OF ACTION

### (Retaliation because of Disability)

51. Plaintiff hereby restates and incorporates by reference the above paragraphs of the instant Complaint.

52. UPR's discriminatory practices and illegal termination of Cruz were in violation of the ADA, because the latter complained UPR's denial of reasonable accommodation.

53. As a result thereof UPR is liable to Cruz for liquidated damages. UPR is liable to Colón under this cause of action for an amount in excess of $1,000,000.00.

## SIXTH CAUSE OF ACTION

### (Wrongful Discharge Under P.R. Law 80)

54. Plaintiff hereby restates and incorporates by reference the above paragraphs of the instant Complaint.

55. UPR illegally terminated Cruz's employment without just cause.

56. UPR is liable to Colón pursuant to P.R. Law 80, of May 30 1976, as amended, 29 L.P.R.A. ' 185a et seq. This amounts to no less than $40,000.00.

## SEVENTH CAUSE OF ACTION

### (Tort action under Article 1802 of the Puerto Rico Civil Code)

57. Plaintiff hereby restates and incorporates by reference the above paragraphs

8

of the instant Complaint.

58. UPR is liable to Cruz for the damages caused by its negligent conduct under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. ' 5141.

59. UPR's actions worsened Cruz's employment conditions to the extent that illegally terminated his employment of almost 20 years with UPR. This conduct was the origin of Cruz's economic, physical and mental sufferings.

60. Therefore, Cruz is entitled to an amount in excess of $2,000,000.00 pursuant to Article 1802 of the Puerto Rico Civil Code.

## EIGTH CAUSE OF ACTION

### (Puerto Rico's Retaliation Discrimination Law, Act 115-1991)

51. Plaintiff hereby restates and incorporates by reference the above paragraphs of the instant Complaint.

52. UPR's discriminatory practices and illegal termination of Cruz were in violation of Puerto Rico's Retaliation Discrimination Law, Act 115-1991, because the latter complained UPR's denial of reasonable accommodation.

53. As a result thereof UPR is liable to Cruz for liquidated damages for an amount no less than $1,000,000.00.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully request from this Honorable Court to issue the following relief, jointly and severally against all Defendants:

a. Award Cruz compensatory damages for her emotional and moral damages and her mental anguish.

b. Award Cruz for economic damages.

c. Award Cruz punitive damages.

d. Award plaintiff the costs of this action, including reasonable attorney's fees, costs, and expenses.

e. Award pre and post judgment interests.

f. Grant Plaintiff any such further relief as this Honorable Court may deem just, proper and equitable.

h. Trial by jury is demanded.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on August 15, 2018.

**Amexis J. Bonilla Nieves**
USDC-PR 225909
Attorney for Plaintiff
P.O. 8
Isabela, Puerto Rico 00662
Tel:    787-215-2082
e-mail: ajbnlaw@gmail.com